17349

EX PARTE MUTUAL MOTORS AND ONE (1) 1949 CHRYSLER
AUTOMOBILE BEARING 1956 S. C. LICENSE NO. E68835,
Petitioners-Respondents

(100 S. E. (2d) 538)

*Kale R. Alexander, Esq.,* of Columbia, *for Appellant,*

*Messrs. Edens & Woodward* and *Glen E. Craig,* of Columbia, *for Respondents,*

November 12, 1957.

STUKES, Chief Justice.

Hobbs, the appellant here, obtained judgment by default for $274.49 damages against one Simms and a Chrysler automobile; immediate execution was promptly returned *nulla bona* by the sheriff on February 28, 1957. On March 21 thereafter appellant brought another action, this time against Mutual Motors for alleged conversion of the automobile with knowledge of the claimed lien upon it. Thereupon, on April 8, 1957, Mutual Motors, in behalf of itself and the automobile, moved to vacate the default judgment which was obtained in the first action. The motion was refused and the movants served timely notice of appeal to this court. On May 4, 1957 they moved for extension of time to perfect the appeal until thirty days after the second action shall have been adjudicated. The motion was granted and by order of the court the movants were given thirty days from the date of the trial and entry of judgment in the second action, which is the case of Hobbs, plaintiff, v. Mutual Motors, defendant, to perfect their appeal from the order refusing their motion to vacate the judgment in the first action.

The appeal is upon a single exception which alleges error in the granting of, quoting from the exception, "an indefinite time within which to perfect its appeal," etc. It is noted that the extension was not for an indefinite time and the appeal might be dismissed for the irrelevancy of the exception. Considering it nevertheless, we find no reversible error.

Appeals to this court from the Richland County Court, from which that in hand comes, are governed by the procedure governing appeals from the Circuit Courts. Section 15-779, Code of 1952. Section 7-410 expressly gives the judge of the trial court jurisdiction, upon motion made within time, to extend the time for the perfection of an appeal. Manifestly, the power should be exer-

cised with reasonable discretion and no abuse of discretion has been shown in the instant case.

However, if there should be undue delay in the disposition by the trial court of the action of Hobbs, plaintiff, vs. Mutual Motors, defendant, appellant may move the trial court for modification of the order under appeal.

Reason for the order is patent. It is possible that the issues between the parties will be disposed of in the action pending in the trial court, whereby the instant appeal would become moot. Multiplicity of appeals, like multiplicity of actions, is to be avoided, where no injustice results.

Affirmed.

TAYLOR, OXNER, LEGGE and MOSS, JJ., concur.